IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMANDO MOLINAR, | ) | |
| Plaintiff(s), | ) ) | No. C 08-0161 CRB (PR) |
| v. | ) ) | ORDER OF SERVICE |
| B. PRICE, et al., | ) ) | |
| Defendant(s). | ) ) | |

Plaintiff, a prisoner at Centinela State Prison in Imperial, California, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that, while incarcerated at Pelican Bay State Prison ("PBSP"), correctional and medical staff were deliberately indifferent to his health and safety.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that he repeatedly requested tennis shoes to wear in the showers at PBSP because the showers have no mats and he has a serious ankle injury. He explained that he had difficulty walking in the provided shower shoes and that he feared he would fall and injure himself. Plaintiff alleges that defendants denied or ignored his requests and he fell and injured himself. He explained that he had fallen and injured to himself, but defendants again denied or ignored his requests and he again fell and injured himself further.

Liberally construed, plaintiff's allegations state a cognizable claim for deliberate indifference to plaintiff's health and safety and will be served on the named defendants at PBSP. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (8th Amendment requires that prison officials take reasonable measures to guarantee safety of prisoners).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   The clerk shall issue summons and the United States Marshal shall

1 serve, without prepayment of fees, copies of the complaint in this matter, all
2 attachments thereto, and copies of this order on the named defendants at PBSP.
3 The clerk also shall serve a copy of this order on plaintiff.
4   2. In order to expedite the resolution of this case, the court orders as
5 follows:
6    a. No later than 90 days from the date of this order, defendants
7 shall file a motion for summary judgment or other dispositive motion. A motion
8 for summary judgment shall be supported by adequate factual documentation and
9 shall conform in all respects to Federal Rule of Civil Procedure 56, and shall
10 include as exhibits all records and incident reports stemming from the events at
11 issue. If defendants are of the opinion that this case cannot be resolved by
12 summary judgment or other dispositive motion, they shall so inform the court
13 prior to the date their motion is due. All papers filed with the court shall be
14 served promptly on plaintiff.
15    b. Plaintiff's opposition to the dispositive motion shall be filed
16 with the court and served upon defendants no later than 30 days after defendants
17 serve plaintiff with the motion.
18    c. Plaintiff is advised that a motion for summary judgment
19 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
20 case. Rule 56 tells you what you must do in order to oppose a motion for
21 summary judgment. Generally, summary judgment must be granted when there
22 is no genuine issue of material fact--that is, if there is no real dispute about any
23 fact that would affect the result of your case, the party who asked for summary
24 judgment is entitled to judgment as a matter of law, which will end your case.
25 When a party you are suing makes a motion for summary judgment that is
26 properly supported by declarations (or other sworn testimony), you cannot simply
27
28          3

rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

/

4

|   |   |
|---|---|
| 1 | 5.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must |
| 2 | keep the court and all parties informed of any change of address and must comply |
| 3 | with the court's orders in a timely fashion.  Failure to do so may result in the |
| 4 | dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). |
| 5 | SO ORDERED. |
| 6 | DATED: June 3, 2008 |
| 7 | CHARLES R. BREYER<br>United States District Judge |

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO MOLINAR,

        Plaintiff,

  v.

OFFICER B. PRICE et al,

        Defendant.

Case Number: CV08-00161 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando Molinar D-53455
Centinela State Prison
D2-113L
P.O. Box #931
Imperial, CA 92251

Dated: June 3, 2008

                                        Richard W. Wieking, Clerk
                                        By: Barbara Espinoza, Deputy Clerk